```
UNITED STATES DISTRICT COURT                    NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DENNIS MIDDLETON,

                    Plaintiff,

        -against-                                MEMORANDUM
                                                 AND ORDER
ANDREW CUOMO, Attorney General of the            10-CV-5033 (SLT)
State of New York, Kings County New York
State,

                    Defendant.
-----------------------------------------------------------X
```

TOWNES, United States District Judge:

Plaintiff Dennis Middleton, incarcerated at Rikers Island, filed this *pro se* action on October 26, 2010. By Memorandum and Order dated November 19, 2010, the Court granted plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and directed plaintiff to file an amended complaint within thirty days. On December 23, 2010, plaintiff filed an amended complaint. For the reasons that follow, this action is stayed pending resolution of plaintiff's underlying criminal action.

Background

Plaintiff's original complaint challenged "the constitutionality of: PL 110-120.10" (Compl. at 1)[1] The complaint did not allege any specific constitutional defect or present any other factual or legal basis for his claim other than it was "unconstitutional on its face" and that

---

[1] As neither the complaint nor the amended complaint is paginated, the Court refers to the page numbers assigned by the Electronic Case Filing system ("ECF").

in 1998, "the speaker of the House . . . testified that the [New York State] Constitution's Article, was unfit to be read into "evidence." Accordingly, the Court directed plaintiff to file an amended complaint in order to comply with the dictates of Rule 8 of the Federal Rules of Civil Procedure. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

In his amended complaint, plaintiff repeats the allegations of his initial complaint, and he adds: (1) New York State PL: 110-125.25 to the challenged statutes; and (2) four paragraphs alleging that his arrest by the New York City Police Department's (NYPD) 79th Precinct and the subsequent transport to be identified at the crime scene violated his constitutional rights to be free from unreasonable search and seizure. (Amended Comp. at 2). He also attached a copy of the "arrest work sheet" from his September 5, 2010 arrest (Amended Comp. at 4-5) and the September 28, 2010 indictment number 07945/2010 issued in the Supreme Court of the State of New York, Kings County, charging plaintiff with attempted murder in the second degree, attempted assault in the first degree, attempted assault in the second degree, two counts of criminal possession of a weapon in the second degree, and criminal possession of a weapon in the fourth degree. (Id. at 6).

Younger v. Harris

Plaintiff has added what appears to be claims pursuant to 42 U.S.C. § 1983 challenging the constitutionality of his arrest and show-up to his existing challenge to the penal laws under which he has been indicted. In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that the district court could not enjoin an ongoing state prosecution, regardless of whether the law

under which the plaintiff was being prosecuted was constitutional, citing, *inter alia*, the Federalism principles central to the United States Constitution. The Second Circuit has held that "Younger abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court," Hansel v. Town Court for the Town of Springfield, N.Y., 56 F.3d 391, 393 (2d Cir.), cert. denied, 516 U.S. 1012 (1995), unless plaintiff can show extraordinary circumstances to warrant intervention in the ongoing proceeding.

Here, plaintiff was indicted approximately three months ago and the criminal case against plaintiff is still pending.[2] New York has an important state interest in enforcing its criminal laws, and plaintiff is free to raise his constitutional claims in the pending criminal proceedings. Kugler v. Helfant, 421 U.S. 117, 124 (1975) ("ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."); Schlagler v. Phillips, 166 F.3d 439, 444 (2d Cir. 1999) (Younger abstention applied to dismiss complaint alleging violation of criminal defendant's constitutional rights). Plaintiff has not alleged any facts that would bring his case within any exception for extraordinary circumstances. Accordingly, Plaintiff's constitutional claims regarding his pending criminal case must be stayed until resolution of his underlying criminal proceeding.

**CONCLUSION**

---

[2] The Court takes judicial notice that plaintiff – identified by his name and book & case number 1411013935 – was arrested on September 5, 2010 and that his next court appearance under indictment number 07945/2010 is scheduled for February 4, 2011. See http://nyc.gov/inmatelookup (last visited 1/03/11).

Accordingly, the Court shall stay this *in forma pauperis* action until resolution of plaintiff's underlying criminal action. Plaintiff is directed to provide a status update to the Court in six months from the date of this Memorandum and Order.

SO ORDERED.

/ Sandra L. Townes
United States District Judge

Dated: Brooklyn, New York
January 5, 2011