```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DENNIS MIDDLETON,                              REPORT AND
                        Plaintiff,             RECOMMENDATION
        - against -
ANDREW CUOMO, et al.,                          10-CV-5033 (SLT) (JO)
                        Defendants.
-----------------------------------------------------------X
```

James Orenstein, Magistrate Judge:

For the reasons set forth below, I respectfully recommend that the court *sua sponte* dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

I.  Background

Plaintiff Dennis Middleton ("Middleton"), appearing *pro se*, filed this action on October 26, 2010, against then-Attorney General Andrew Cuomo and Kings County, ostensibly seeking to bring a facial challenge to the constitutionality of New York Penal Law Section 120.10. Docket Entry ("DE") 1 (Complaint). Middleton sought leave to proceed *in forma pauperis* and the court granted that request. DE 2; DE 4. On December 23, 2010, Middleton filed an amended complaint, which expanded his facial challenge to include a second statute, New York Public Penal Law Section 125.25. DE 5 ("Amended Complaint"). Although the Amended Complaint sought only declaratory relief invalidating the two laws, it also included an allegation that the New York City Police Department had arrested Middleton at some unstated time. *Id.* If Middleton intended, by including that allegation, to assert a claim based on the violation of his civil rights, the Amended Complaint does not say so explicitly.

On January 7, 2011, the Honorable Sandra L. Townes, United States District Judge, stayed the case pending resolution of Middleton's underlying criminal action, and ordered Middleton to provide a status update within six months. DE 6. He did not do so. On July 12, 2011, I noted

Middleton's failure to comply with Judge Townes' order and directed Middleton to submit the required status report no later than August 2, 2011. DE 7. Middleton again failed to comply. On August 11, 2011, I gave Middleton a final opportunity to submit the required status report no later than September 8, 2011, and warned him that if he again failed to comply, I would recommend that the court dismiss the case for failure to prosecute and to comply with court orders. DE 8. I. *Id.* Middleton again did not comply. Accordingly, on September 20, 2011, I ordered him to show cause in writing by October 4, 2011, why I should not recommend that the court dismiss the case for failure to prosecute. Middleton has not responded to that order.

II.     Discussion

A district court has the inherent power to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Consistent with that inherent authority, the Federal Rules of Civil Procedure explicitly empower a district court, in the exercise of its sound discretion, to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with … a court order[.]" Rule 41(b); *see Lewis*, 564 F.3d at 575 (noting that standard of review is abuse of discretion). Because dismissal on such grounds is unquestionably a "harsh remedy" that should be used only in "extreme situations," *Lewis*, 564 F.3d at 576 (citations omitted), a court considering such an action should examine five factors. Specifically, the court should consider whether

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). No one factor is dispositive. *Id*. In weighing the five factors, the court must consider the record of the entire case as a whole. *Id*. A court may find the standard for dismissal satisfied where it finds a "pattern of dilatory conduct" or "an action lying dormant with no significant activity to move it." *Lyell Theatre Corp. v. Loews Corp*., 682 F.2d 37, 42 (2d Cir. 1982).

All five factors weigh in favor of dismissal. First, Middleton's status report was due on July 5, 2011. Almost five months later, and despite repeated reminders, extensions of time, and warnings of the consequences that would follow from his failure to do so, Middleton has not filed the report. Second, Middleton's inaction has continued even in the face of repeated warnings that such behavior could result in the dismissal of his claims. Third, applicable case law establishes a presumption that a plaintiff's unreasonable delay will normally prejudice the defendants. *See, e.g.*, *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) (citing *Lyell Theatre Corp.*, 682 F.2d at 43). Fourth, because Middleton repeatedly failed to submit a status report or respond to court orders in any way, this case is at a standstill. Finally, no lesser sanction than dismissal is likely to be effective in light of Middleton's failure to respond to any of my orders directing him to take action on pain of possible dismissal.

III.   Recommendation

For the reasons set forth above, I respectfully recommend that the court *sua sponte* dismiss this action with prejudice, pursuant to Federal Rule of Civil Procedure 41(b).

IV.   Objections

A copy of this Report and Recommendation is today being mailed to the plaintiff. Any objections to this Report and Recommendation must be filed on the electronic docket no later than

December 19, 2011. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

SO ORDERED.

Dated: Brooklyn, New York
December 1, 2011

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge