UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DENNIS MIDDLETON,

          Plaintiff,

- against -

ANDREW CUOMO, et al.,

          Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

10-CV-5033 (SLT) (JO)

**TOWNES, United States District Judge:**

    Plaintiff Dennis Middleton ("Plaintiff") commenced the instant *pro se* action on October 26, 2010 against then-Attorney General Andrew Cuomo and Kings County, appearing to challenge the facial constitutionality of New York State Penal Law Section 120.10 ("Assault in the first degree"). *See* Docket No. 1 (Complaint). On December 23, 2010, with the Court's leave, Plaintiff filed an amended complaint (the "Amended Complaint") to challenge the facial constitutionality of New York State Penal Law Section 125.25 ("Murder in the second degree") in addition to that of Section 120.10. *See* Docket No. 5 (Amended Complaint). The Amended Complaint also appears to include a § 1983 claim based on the alleged deprivation of Plaintiff's Fourth Amendment rights in connection with his arrest by certain unidentified police officers. *See id.*

    By Memorandum and Order dated January 7, 2011, the Court stayed the instant action pending the resolution of the underlying criminal action against Plaintiff and directed Plaintiff to provide a status update by July 7, 2011. *See* Docket No. 6. Plaintiff failed to provide such update. On July 12, 2011, Magistrate Judge Orenstein noted Plaintiff's failure and ordered Plaintiff to provide a status update by August 2, 2011. Plaintiff did not comply. On August 11, 2011, Magistrate Judge Orenstein gave Plaintiff a third opportunity to provide a status update by the revised deadline of September 8, 2011. Yet again, no status update was provided. In light of



Plaintiff's continuing failure to respond to court orders, Magistrate Judge Orenstein issued a report and recommendation (the "Report and Recommendation") on December 1, 2011 recommending that the Court *sua sponte* dismiss the instant action with prejudice, pursuant to Fed. R. Civ. P. 41(b). *See* Docket No. 10 (Report and Recommendation).

A district court is not required to review a report and recommendation prepared by a magistrate judge or the legal and factual conclusions contained in the report and recommendation if no objections thereto have been made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nonetheless, when no objections have been filed, many courts seek to satisfy themselves "that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *see also Edwards v. Town of Huntington*, No. 05 Civ. 339 (NGG) (AKT), 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007). Accordingly, having reviewed the record in the instant case and finding no clear error, the Court adopts the Report and Recommendation in its entirety pursuant to 28 U.S.C. § 636(b)(1) and *sua sponte* dismisses the Amended Complaint. The Clerk of Court is respectfully directed to close the case.

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: December 29, 2011
Brooklyn, New York

2